**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
  E-Mail: Jonathan.Pink@lewisbrisbois.com
JON E. HOKANSON, SB# 118829
  E-Mail: Jon.Hokanson@lewisbrisbois.com
THOMAS S. KIDDE, SB# 61717
  E-Mail: Thomas.Kidde@lewisbrisbois.com
TRAVIS LI, SB# 298208
  E-mail: Travis.Li@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff
HYPERICE, INC. a California Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HYPERICE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LONGEVITY FITNESS, INC., a New York Corporation; and SUE HITZMANN, an Individual,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Trial Date:    None Set |

Plaintiff Hyperice, Inc., ("Hyperice"), by and through its attorneys, for its complaint for declaratory judgment against Defendant Longevity Fitness, Inc. ("LF"), alleges the following:

### I. NATURE OF THE ACTION

1.     In this action, brought pursuant to 28 U.S.C. § 2201 *et seq.*, Hyperice seeks a declaratory judgment that the patent allegedly owned by Defendant LF is not infringed and is invalid under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 with respect to an actual controversy arising under Title 35

of the United States Code.

2. LF claims rights under U.S. Patent No. 8,337,437 (the "'437 Patent" or "Patent-In-Suit") and has asserted, or threatened to assert, those rights against Hyperice based on a product Hyperice has offered for sale (the "Vyper Product") in the United States. A true and correct copy of the '437 Patent is attached hereto as Exhibit A.

3. Based on LF's assertions, Hyperice seeks a declaration that the Vyper Product does not infringe the '437 patent and/or that one or more claims of the '437 patent is invalid.

## II. THE PARTIES

4. Hyperice is a corporation organized under the laws of the state of California, with its principal place of business at 15440 Laguna Canyon Road, Suite 230, Irvine, California, 92618.

5. Defendant LF is a corporation organized under the laws of the state of New York, with its principal place of business at 70 West 71st Street 4e, New York, New York 10023.

6. On information and belief, Sue Hitzmann ("Hitzmann") is the founder and majority shareholder of defendant LF.

7. As set forth in Exhibit A, the '437 patent issued to Hitzmann. On information and belief Hitzmann subsequently assigned the '437 Patent to defendant LF.

## III. JURISDICTION AND VENUE

8. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, Title 35 of the United States Code.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. On information and belief, LF is subject to the Court's specific and

general personal jurisdiction, pursuant to due process and/or the California long arm statute, due to, at the very least, the following activities:

    (a) LF operates a website, http://www.meltmethod.com, through which it: (i) sells products to consumers in the Central District of California, including the "MELT Soft Body Roller," product; (ii) advertises its MELT Method® fitness and longevity training classes at physical sites located within this District; and (iii) advertises upcoming LF-owned and sponsored MELT events scheduled to take place in Southern California, including one billed as "Take the first step to becoming a MELT Instructor with Sue [Hitzmann] in San Diego!"; and,

    (b) LF operates and/or licenses its MELT Method® fitness and longevity training at more than a dozen facilities within this District including sites in Glendale, Pasadena, Long Beach, Tustin, Irvine and Newport Beach, to name a few. (See printout of relevant pages from http://www.meltmethod.com, a true and correct copy of which is attached as Exhibit B.)

11. Hyperice is informed and believes, and thereon alleges, that through the aforementioned activities, LF has obtained substantial benefits and revenue from its activities within this District, and that LF is subject to the Court's general jurisdiction, as a result of its own actions, or the actions of its agents or licensees, and/or from having derived substantial revenue from goods and services provided to persons or entities in the Central District of California.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Hyperice's claims occurred in this District and the defendant is subject to personal jurisdiction in this District.

## IV. FACTUAL BACKGROUND

13. Beginning in 2010, Hyperice set out to create the world's first high

performance, portable ice compression device. After years of testing on some of the world's best athletes, Hyperice made its product line available to the general public in 2012.

14. Hyperice's products combine innovative design and cutting edge engineering to enhance athletic performance, and help athletes recover from certain injuries. One such product is the Vyper Product. It is a fitness and recovery device/roller that uses pressure and vibration to improve the body's overall performance.

15. The Vyper Product is engineered to deliver high intensity and high frequency vibration into the body in an effort to loosen and lengthen muscles, thereby increasing the use range of motion and flexibility.

16. LF maintains that Hyperice is infringing at lease claim 1 of the '437 patent by making, using, offering for sale, or selling in the United States, and/or importing into the United States the VYPER without authorization from LF.

17. LF has made the foregoing assertion in two separate written communications, one dated October 24, 2014, and another dated December 5, 2014. True and correct copies of that correspondence are attached hereto as Exhibit C and Exhibit D, respectively.

18. The '437 patent was issued to Hitzmann from U.S. Patent Application No. 12/363,543, which was filed on December 11, 2009. Application No. 12/363,543 was a continuation of U.S. Patent Application No. 11/729,083, which was filed on March 26, 2007. The first application was abandoned after being rejected three times. The second application continued the prosecution of the first application.

19. Claim 1 of the '437 patent recites (1) "a roller having an outer surface that is configured to exert a force on a bodypart of a user when the bodypart is in contact with the roller"; (2) "the roller being positionable to extend along a user's spine;" and (3) "a vibration mechanism received entirely within an inner bore of the

roller, the vibration mechanism being configured to generate vibrations for acting upon the bodypart of the user."

20. The remaining clause of claim 1 beginning with "wherein" describes the uses and effects of the rollers but does not define the structure of the roller.

21. On information and belief, the limitation "positionable to extend along a user's spine" was added during prosecution and cited by the examiner as a reason for allowing the claims. Nothing in either the specification or drawings accompanying the '437 patent identify any particular feature that makes it particularly suitable to be positioned to extend along the user's spine.

22. Hyperice is informed and believes, and thereon alleges, that the cylindrical shape of the roller does not distinguish it from other cylindrical rollers shown in the prior art, regardless of whether that roller has a vibrating mechanism, as claimed in the '437 patent.

23. Vibrating rollers are shown in earlier patents and published patent applications. However, at the time the examiner allowed claim 1, the prior art cited by the applicant did not include United States Patent No. 5,554,102 (issued to Chiou) and United States Patent Application Publication No. 2003/0131414 (issued to Lee). A true and correct copy of the Chiou patent is attached hereto as Exhibit E. A true and correct copy of the Lee published application is attached hereto as Exhibit F.

24. Hitzmann identified the Chiou patent and the Lee publication in an Information Disclosure Statement filed on December 12, 2012. However, Hyperice is informed and believes, and thereon alleges, that this Information Disclosure Statement was submitted too late to be considered by the examiner.

25. The Chiou patent discloses a portable massaging device with a cylindrical body in which a power unit is fitted. The power unit includes a motor [31] with a cam [33] that causes eccentric motion. In particular, the cam [33] is actuated by the motor [31] "to rotate eccentrically so as to bring about a vibrational

motion, which is transmitted to the massaging set [40] in contact with a use[r]'s (*sic*) body portion intended to be massaged." Although the Chiou patent shows a handle [50], the handle is removable. The Chiou massaging device can readily be positioned to extend along a user's spine with or without the removable handle.

26. The Lee published application discloses a roller that can be positioned to extend along a user's spine and that has internal driving motors to apply vibrations to the body of a user for relieving fatigue.

27. Based on the foregoing, Hyperice asserts that LF does not have a basis for asserting that the Vyper Product infringes a valid claim of the '437 patent, particularly when claim 1 is considered in view of the Chiou patent and the Lee publication.

28. Nonetheless, on October 24, 2015, counsel for LF sent Hyperice a letter communicating LF's position that it owned the Patent-in-Suit, and that the Vyper Product infringed that patent. LF's letter stated that Hyperice must either take a license from LF or be subjected to a patent enforcement action. See Exhibit C, *supra*.

29. On or about November 4, 2014, Hyperice responded to the foregoing with a letter in which Hyperice identified the Chiou patent and the Lee publication, and asked LF to explain how LF's product avoided this prior art.

30. LF responded with a letter dated December 5, 2014, and stated, "As you know, the claims of the '437 patent are presumed by statute to be valid . . . . Therefore, we do not see the need to address the disclosures of the identified references at this time." That letter implies that absent a license, LF will proceed to file suit. See Exhibit D, *supra*.

31. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

///

///

## V. FIRST CLAIM FOR RELIEF

(DECLARATORY JUDGMENT OF NON-INFRINGEMENT (`437 PATENT))

32. Hyperice realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

33. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34. A judicial declaration is necessary and appropriate so that Hyperice may ascertain its rights regarding the '437 patent.

35. Hyperice is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '437 patent.

## VI. SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity)

36. Hyperice hereby incorporates by reference each of the preceding allegations above as through expressly stated herein.

37. Hyperice contends that one or more claims of the '437 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

38. Hyperice is therefore entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring one or more of the claims of the '437 patent invalid.

## VII. PRAYER FOR RELIEF

WHEREFORE, Hyperice prays for a declaratory judgment against LF:

1. Declaring that the claims of U.S. Patent No. 8,337,437 are invalid, or at the very least that Claim 1 of U.S. Patent No. 8,337,437 is invalid;

2. Declaring that Hyperice has not infringed, either directly or indirectly,

1 any valid and enforceable claim of U.S. Patent No. 8,337,437;

2      3.   Finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and all other statutes, and therefore awarding to Hyperice its reasonable attorneys' fees, costs, expenses, disbursements and costs incurred in this action; and

     4.   Granting such other and further relief to Hyperice as the Court may deem just and proper.

DATED: January 13, 2015          JONATHAN S. PINK
                                 JON E. HOKANSON
                                 THOMAS S. KIDDÉ
                                 TRAVIS LI
                                 LEWIS BRISBOIS BISGAARD & SMITH LLP

                        By: _____
                            Jonathan S. Pink
                            Attorneys for Plaintiff HYPERICE, INC. a
                            California Corporation

<u>Jury Demand</u>

Hyperice demands a trial by jury in this matter for all applicable issues.

DATED: January 13, 2015

JONATHAN S. PINK
JON E. HOKANSON
THOMAS S. KIDDÉ
TRAVIS LI
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Jonathan S. Pink
Attorneys for Plaintiff HYPERICE, INC. a California Corporation